UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NERISSA EUBANKS.,
    Plaintiff,

vs.

FEDERAL HOUSING COMMISIONER, et al.,
    Defendants.

Case No. 1:14-cv-929

Black, J.
Bowman, M.J.

### REPORT AND RECOMMENDATION

Plaintiff brings this *pro se* action against the Federal Housing Commissioner and Brickstone Properties challenging her eviction. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon careful review, the undersigned finds that this action should be dismissed because Plaintiff fails to state any claim upon which relief many be granted.

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other*

grounds by *Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Here, on November 18, 2013, the Hamilton County Municipal Court issued an Order evicting Plaintiff from her apartment and returning the premises to Brickstone Properties. Plaintiff then appealed the conviction and the Court of Appeals for the First Appellate District of Ohio dismissed Plaintiff's appeal. Plaintiff purportedly seeks judicial review of the state appellate court's decision. In this regard, Plaintiff's complaint alleges that she was wrongly

evicted and removed from her former apartment. Plaintiff requests "return to the premises" and also appears to seek a declaratory order that she was wrongly removed. (Doc. 1 at 4). Upon careful review, the undersigned finds that Plaintiff's complaint does not allege a basis for subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. A suit may be filed in federal court only if there is a constitutional provision or a statute giving the court subject matter jurisdiction over the claims alleged in the complaint. No apparent basis for subject matter jurisdiction appears on the face of the complaint and supporting exhibits. The parties are all residents of Ohio, so there is no basis for diversity jurisdiction under 28 U.S.C. § 1332. Similarly, there is no federal constitutional claim pleaded, so there is no basis for federal question jurisdiction under 28 U.S.C. § 1331. Finally, the complaint refers to no federal statute that might give rise to subject matter jurisdiction.

If the municipal court erred in ordering the Plaintiff evicted, her remedy is to appeal that decision; and she hase done so. This Court has no jurisdiction to review the municipal court judgment. The *Rooker-Feldman* doctrine states that only the Supreme Court of the United States has jurisdiction to review a case litigated and decided in a state court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Gottfried v. Medical Planning Services,* 142 F.3d 326, 330 (6th Cir.1998). The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005).

To the extent that the complaint may be attempting to allege a federal constitutional

3

claim, "State courts, like Federal courts, have a constitutional obligation to safeguard personal liberties and to uphold Federal law. *Martin v. Hunter's Lessee,* 1 Wheat. 304, 341-44, 4 L.Ed. 97 (1816)." *Stone v. Powell,* 428 U.S. 465, 494 at n. 35 (1976). *See, Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 275-76 (1997); *California v. Grace Brethren Church,* 475 U.S. 393, 417 at n. 37 (1982); *Hathorn v. Lovorn,* 457 U.S. 255, 269 (1982); *Kish v. Michigan State Bd. of Law Examiners,* 999 F.Supp. 958, 963-64 (E.D.Mich.1998). Any constitutional claim should have been raised in defense of the County Court eviction action.

Accordingly, for these reasons, it is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B). It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

      *s/ Stephanie K. Bowman*  
      Stephanie K. Bowman  
      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NERISSA EUBANKS.,
    Plaintiff,

vs.

FEDERAL HOUSING COMMISIONER, et al.,
    Defendants.

Case No. 1:14-cv-929

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).